# EXHIBIT A-2

Filed: 6/2/2020 9:51 AM
Carolyn Rains
District Clerk
Houston County, Texas
Jennifer Pierce

IN THE DISTRICT COURT OF HOUSTON COUNTY, TEXAS

### 3RD  JUDICIAL DISTRICT

| | | |
|---|---|---|
| MICHAEL BROWN, RHONDA | * | |
| BROWN AND CHARLES BROWN | * | |
| | * | |
| VS. | * | NO. 20-0081 |
| | * | |
| CROP PRODUCTION SERVICES, INC. | * | |
| AND NUTRIEN AG SOLUTIONS, | * | |
| INC. | * | |

### PLAINTIFFS' ORIGINAL PETITION

Michael Brown, Rhonda Brown and Charles Brown, Plaintiffs, complain of Crop Production Services, Inc. and Nutrien Ag Solutions, Inc., Defendants, and for cause of action show:

1.   SELECTION OF DISCOVERY LEVEL

Plaintiffs affirmatively plead that they seek monetary relief over $1,000,000.00.  Discovery should be conducted under a tailored discovery control plan under Texas Rule of Civil Procedure 190.4.

2.   STATEMENT OF RELIEF SOUGHT

Plaintiffs seek monetary relief over $1,000,000.00.   The damages sought are within the jurisdictional limits of the Court.

3.   PARTIES AND SERVICE INSTRUCTIONS

A.   Plaintiff Michael Brown is, and was at the time the cause of action accrued, an individual residing in Houston County, Texas.

B.   Plaintiff Rhonda Brown is, and was at the time the cause of action accrued, an individual residing in Houston County, Texas.

C.   Plaintiff Charles Brown is, and was at the time the cause of action accrued, an individual residing in Houston County, Texas.

Page 1 of 10

s document was retrieved from the IDOCKET.COM web si

D.    Defendant Crop Production Services, Inc. is a foreign corporation doing business in the State of Texas, and it may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

E.    Defendant Nutrien Ag Solutions, Inc. is a foreign corporation doing business in the State of Texas, and it may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.    Defendant Nutrien Ag Solutions, Inc. is a continuation of Defendant Crop Production Services, Inc. by virtue of merger, conversion or change of name.  Alternatively, Defendant Nutrien Ag Solutions, Inc. expressly assumed the obligations of its predecessor, Crop Production Services, Inc.

4.    PLAINTIFFS' STATUS AS CONSUMERS

On or about June 22, 2018, Plaintiffs acquired by purchase from Defendant Crop Production Services, Inc. a tote purporting to contain agricultural herbicide.

5.    VENUE

The tote with the chemicals was delivered to Plaintiffs in Houston County, Texas by Defendant Crop Production Services, Inc. Additionally, an authorized agent of Defendant Crop Production Services, Inc. solicited the transaction the subject of this suit in Houston County, Texas.

Page 2 of 10

s document was retrieved from the IDOCKET.COM web si

6.  DEFENDANTS' MISCONDUCT

At the time of the transaction described above, Defendant Crop Production Services, Inc. represented to Plaintiffs that the tote contained only Enlist Duo herbicide.  In fact, the tote was contaminated with another substance.  As a result of Plaintiffs applying the contaminated herbicide to their cotton crop, they lost their cotton crop for the year 2018.  Their cotton crop was completely destroyed.

At the time of Plaintiffs' purchase of the tote of herbicide in question, Defendant Crop Production Services, Inc. was a merchant and dealer in agricultural herbicide and held itself out to the public as having knowledge or skill peculiar to that business.  Accordingly, Defendant Crop Production Services, Inc. impliedly warranted that the tote and herbicide would be merchantable, that they were reasonably fit for the ordinary purpose for which they were to be used and would pass without objection in the trade under their contract description.  However, the warranty was breached, in that the herbicide was not as warranted, but was defective, in that it was contaminated and not fit for the ordinary purpose which it was to be used, was not merchantable at the time of sale and would not pass without objection in the trade under its contract description.  Defendant Crop Production Services, Inc., a merchant having appropriate skill or judgment, breached the implied warranty of merchantability.  The

Page 3 of 10

s document was retrieved from the IDOCKET.COM web si

herbicide in the tote was defective when it left Defendant Crop Production Services, Inc.'s possession, and it was unfit for the ordinary purposes for which the herbicide was to be used.

Defendant Crop Production Services, Inc. also breached the warranty of fitness for a particular purpose. At the time the contract for sale was made, Defendant Crop Production Services, Inc. knew, or should have known, of the particular purpose for which the herbicide would be used and that Plaintiffs were relying on its skill and judgment to furnish suitable herbicide. Plaintiffs actually relied on Defendant Crop Production Services, Inc.'s skill or judgment to furnish suitable herbicide, to their damage. The herbicide was contaminated at the time it was tendered to Plaintiffs.

Defendant Crop Production Services, Inc. additionally breached an express warranty when it made an affirmation of fact that the herbicide was Enlist Duo only, when in fact it was contaminated with another substance.

The foregoing representations violate, among other things:

(A) Section 17.46(b)(2) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas, by causing confusion or misunderstanding as to the source, sponsorship, approval or certification of the goods;

(B) Section 17.46(b)(5) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas, by representing that

Page 4 of 10

s document was retrieved from the IDOCKET.COM web si

the goods had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

(C)   Section 17.46(b)(7) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas, by representing that the goods were of a particular standard, quality or grade or that the goods were of a particular style or model, when they were of another;

(D)   Section 17.46(b)(12) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas, by representing that the agreement conferred or involved rights, remedies or obligations which it did not have or involve;

(E)   Section 17.46(b)(24) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas by failing to disclose information concerning goods which was known at the time of the transaction, when such failure to disclose such information was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed; and

(F) Section 17.50(a)(2) of the Deceptive Trade Practices Act of the State of Texas, by breaching an express warranty.

Plaintiffs relied on those representations and warranties to Plaintiffs' detriment.

7.   DAMAGES

Defendant Crop Production Services, Inc.'s conduct as

Page 5 of 10

s document was retrieved from the IDOCKET.COM web si

described above was both a proximate cause and a producing cause of Plaintiffs' economic damages, including incidental and consequential damages. As a result, Plaintiffs sustained damages, in that they lost approximately 350 acres of cotton and the net profit they would have made from the crop, due to the contaminated herbicide. Additionally, because Plaintiffs' loss is not a result of a county-wide event in Leon County, Texas, where the chemical was applied, there is no possibility for Plaintiffs to remove the loss from their actual production history yield used by insurance companies for future insurance. The insurance companies and the Risk Management Agency of the U.S.D.A. calculate the annual production history yield guarantee by using a rolling ten (10) year average of actual yields on the farm. Farms are allowed to remove low yields from their history if, and only if, there is a county-wide event that lowers the county yield below fifty percent (50%) of its ten (10) year average. Because Plaintiffs would not be eligible for that adjustment, their ten (10) year average would be lowered because of the no yield on their farm in 2018. Because this no yield will be included in the average for ten years, Plaintiffs suffered additional losses. The loss of pounds per acre into their annual production history ten (10) year average will lower their ten (10) year average, to Plaintiffs' additional damage.

The contaminated herbicide was valueless. Plaintiffs are also

s document was retrieved from the IDOCKET.COM web si

entitled to recover the difference, at the time and place of acceptance, between the value of the herbicide as accepted and the value it would have had if it had been as warranted.

8.   DEFENDANTS' KNOWLEDGE

The conduct of Defendant Crop Production Services, Inc. as described in this petition was committed knowingly. Defendant Crop Production Services, Inc. was actually aware, at the time of the conduct, of the falsity, deception and unfairness of the conduct about which Plaintiffs complain. Defendant Crop Production Services, Inc. was also aware of the act, practice, condition, defect or failure constituting the breaches of warranty described above. Accordingly, Defendants are liable to Plaintiffs for additional damages of up to three times the amount of economic damages, as permitted by the Texas Deceptive Trade Practices-Consumer Protection Act.

9.   DEFENDANTS' INTENTIONAL CONDUCT

The conduct of Defendant Crop Production Services, Inc., as described in this petition, was committed intentionally. That is, Defendant Crop Production Services, Inc. had actual awareness of the falsity, deception or unfairness of each act or practice and the conditions, defects or failures constituting breaches of warranty giving rise to Plaintiffs' claim, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

Page 7 of 10

s document was retrieved from the IDOCKET.COM web si

As a result of the intentional misconduct of Defendant Crop Production Services, Inc., Plaintiffs are entitled to additional damages of up to three times Plaintiffs' economic damages, as provided by the Texas Deceptive Trade Practices-Consumer Protection Act.

10.  NOTICE

Within a reasonable time after Plaintiffs discovered, or should have discovered, the breaches of warranty described in this petition, Plaintiffs notified Defendants of the breaches of warranty. Additionally, on April 1, 2020, Plaintiffs gave written notice to Defendants, advising of Plaintiffs' specific complaints and the amount of economic damages and expenses, including attorney's fees, reasonably incurred by Plaintiffs in asserting the claim against Defendants. A true and correct copy of the written notice is attached as Exhibit "A" and incorporated by reference as if fully copied and set forth at length.

11. ATTORNEY'S FEES

Defendants' conduct as described in this petition and the resulting damage and loss to Plaintiffs has necessitated Plaintiffs' retention of the attorney whose name is subscribed to this petition. Plaintiffs are, therefore, by virtue of TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 and TEX. BUS. & COMM. CODE ANN. § 17.50(d), entitled to recover from Defendants an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's

s document was retrieved from the IDOCKET.COM web si

necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

12.  JURY DEMAND

Plaintiffs demand trial by jury in this cause. Contemporaneously with the filing of this petition, Plaintiffs have paid the jury fee to the District Clerk of Houston County, Texas.

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.  Judgment against Defendants, jointly and severally, for economic damages in an amount within the jurisdictional limits of the Court.

2.  By reason of Defendants' knowing and intentional conduct, additional damages, jointly and severally, as allowed by Texas Business and Commerce Code Section 17.50(b).

3.  Pre-judgment interest as provided by law.

4.  Attorney's fees.

5.  Post-judgment interest as provided by law.

6.  Costs of suit.

7.  Such other and further relief to which Plaintiffs may be justly entitled.

Page 9 of 10

s document was retrieved from the IDOCKET.COM web si

Respectfully submitted,

BY:   /S/ WILLIAM R. PEMBERTON
      WILLIAM R. PEMBERTON
      TEXAS BAR I.D. NO. 15735500
      WILLIAM R. PEMBERTON, P.C.
      P. O. BOX 1112
      CROCKETT, TEXAS   75835
      936-544-4111
      936-544-5023 (FAX)
      bill@pembertontriallaw.net
      ATTORNEY FOR PLAINTIFFS



Page 10 of 10

s document was retrieved from the IDOCKET.COM web si

## WILLIAM R. PEMBERTON
### A PROFESSIONAL CORPORATION
#### *Attorney at Law*

306 NORTH SEVENTH STREET
P. O. BOX 1112
CROCKETT, TEXAS 75835

BOARD CERTIFIED - CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED - CIVIL TRIAL ADVOCATE BY
THE NATIONAL BOARD OF TRIAL ADVOCACY
BOARD CERTIFIED - CIVIL PRETRIAL PRACTICE ADVOCACY BY
THE NATIONAL BOARD OF CIVIL PRETRIAL PRACTICE ADVOCACY

PHONE 936-544-4111

FAX 936-544-5093
www.pembertontriallaw.com
email: bill@pembertontriallaw.net

April 1, 2020

Crop Production Services,    CERTIFIED MAIL NO.
    Inc.                     9314 7699 0430 0070 3927 67,
3005 Rocky Mountain Ave.     RETURN RECEIPT REQUESTED
Loveland, CO 80538

Nutrien Ag Solutions, Inc.,  CERTIFIED MAIL NO.
    formerly known as        9314 7699 0430 0070 3858 13,
    Crop Production Services  RETURN RECEIPT REQUESTED
5296 Lake Harvest Drive
Loveland, CO 80538

Nutrien Ag Solutions, Inc.   CERTIFIED MAIL NO.
    formerly known as        9314 7699 0430 0070 3858 82,
    Crop Production Services  RETURN RECEIPT REQUESTED
7251 West 4th St.
Greeley, CO 80634-9763

        Re:  Sale of Contaminated Herbicide by
             Crop Production Services to
             Michael Brown, Rhonda Brown and Charles Brown

Gentlemen:

    This law firm represents Michael Brown, Rhonda Brown and
Charles Brown in connection with the above-referenced matter.  On
June 22, 2018, Crop Production Services delivered a chemical tote
to my clients in Houston County, Texas for use on their farm
located in Leon County, Texas.   Crop Production Services
represented to my clients that the tote contained only Enlist Duo
herbicide.   In fact, the tote was contaminated with Picloram.   As
a result of my clients applying the contaminated herbicide to their
cotton crop, they lost their cotton crop for the year 2018.

    Our investigation thus far reveals that Crop Production
Services breached the implied warranty of merchantability.   The
herbicide in the tote was defective when it left Crop Production
Services' possession, and it was unfit for the ordinary purposes

**EXHIBIT**

s document was retrieved from the IDOCKET.COM web si

Nutrien Ag Solutions, Inc.
April 1, 2020
Page 2

for which the herbicide was to be used. Crop Production Services
also breached the warranty of fitness for a particular purpose.
Crop Production Services knew or should have known of the
particular purpose for which the herbicide would be used and that
the Browns were relying on its skill or judgment to furnish
suitable herbicide. The Browns actually relied on Crop Production
Services' skill or judgment to furnish suitable herbicide, to their
damage. Crop Production Services also breached an express warranty
when it made an affirmation of fact that the herbicide was Enlist
Duo, when in fact it was contaminated by Picloram.

You are liable to the Browns for breaching the express and
implied warranties arising from the contract and under principles
of common law. Additionally, your conduct is violative of, among
other things, Sections 17.46(b)(2),(5),(7),(12) and (24) of the
Deceptive Trade Practices-Consumer Protection Act of the State of
Texas.

The Browns lost 350 acres of cotton due to the contaminated
herbicide. Based on historical production, the Browns would have
produced 908 pounds of cotton per acre, had the crop not been
destroyed by contaminated herbicide. According to the *Cotton Price
Statistics* produced by the Agricultural Marketing Service of USDA,
the average farm price for upland cotton for 2008 to 2018 was
$0.7125 per pound. 908 pounds per acre times 350 acres equals a
loss to the Browns of $235,172.00.

Additionally, because the Browns' loss is not a result of a
county-wide event, there is no possibility for the Browns to remove
the loss from their actual production history yield used by
insurance companies for future insurance. The insurance companies
and the Risk Management Agency of the USDA calculate the annual
production history yield guarantee by using a rolling ten-year
average of actual yields on the farm. Farms are allowed to remove
low yields from their history if, and only if, there is a county-
wide event that lowers the county average yield below 50% of its
ten year average. Because the Browns would not be eligible for
that adjustment in this case, their ten year average would be
lowered because of the low/no yield on the farm in 2018. Because
this low/no yield will be included in the average for ten years,
the Browns suffered additional losses. The loss of 908 pounds per
acre into their annual production history ten year average will
lower the ten year average by 90 pounds per acre per year.
Applying the ten year average to the 90 pound additional insurance
loss for ten years, the Browns suffered an additional loss of
$224,438.00.

s document was retrieved from the IDOCKET.COM web si

Nutrien Ag Solutions, Inc.
April 1, 2020
Page 3

Accordingly, on behalf of the Browns, demand is hereby made that within sixty (60) days of your receipt of this letter, you pay the following expenses reasonably incurred by them in asserting this claim:

1.   $459,610.00; and
2.   $15,000.00 for attorney's fees.

Please understand that this demand is made in the spirit of compromise.  According to our analysis, the demand represents a tremendous savings to you giving your potential exposure to the Browns. We hope you view this demand as a good faith, conservative effort on our part to expeditiously resolve this potential litigation on amicable terms.

If payment is not received as requested above, the Brown family has authorized this law firm to bring a lawsuit against you for all appropriate remedies under the Texas Deceptive Trade Practices-Consumer Protection Act. We would expect to recover not only our actual damages, but also pre-judgment interest, attorney's fees and perhaps additional damages.

We trust you will immediately respond, in writing, to this formal demand letter.  If you have any questions regarding this matter or need additional information, please contact me or have your attorney contact me.

Sincerely,


William R. Pemberton

WRP:mt

cc:  Mr. and Mrs. Michael Brown
     Mr. Charles Brown
     677 FM 132
     Crockett, Texas 75835

s document was retrieved from the IDOCKET.COM web si

# U.S. Postal Service®
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9314 7699 0430 0070 3927 69

| | |
|---|---|
| Certified Mail Fee | $ |
| Return Receipt (Hardcopy) | $ |
| Return Receipt (Electronic) | $ |
| Certified Mail Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

CROCKETT TEXAS

APR 1 - 2020 Postmark Here

USPS 75835-9998

**Sent to:**

Crop Production Services, Inc.
3005 Rocky Mountain Ave.
Loveland, CO 80538

USPS TRACKING #

9590 9699 0430 0070 3927 69

Michael and Ch.

PS Form 3800, Facsimile, July 2015

s document was retrieved from the PACER. Facsimile si

## Transaction Details

**Recipient:**
Crop Production Services. Inc.
3005 Rocky Mountain Ave.
Loveland, CO 80538

**Sender:**
William R. Pemberton, P.C.
P.O. Box 1112
Crockett, TX 75835

Transaction created by:  sandrahaynes
User ID: 23621
Firm Mailing Book ID:  None
Batch ID:

**USPS Article Number:** 9314769904300070392767
**Return Receipt Article Number:** 9590969904300070392769

**Service Options:** Return Receipt
Certified Mail
**Mail Service:** Certified
**Reference #:**
**Postage:** $0.00
**Fees:** $6.40
**Status:** Delivered
**Sender:** W Pemberton

---

## Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Return Receipt | 03-30-2020 04:10 PM | [USPS] - RETURN RECEIPT ASSOCIATED at CROCKETT,TX |
| USPS® Certified Mail | 03-30-2020 07:09 PM | [USPS] - PRESHIPMENT INFO SENT USPS AWAITS ITEM at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 09:38 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Return Receipt | 04-01-2020 09:38 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 10:53 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Return Receipt | 04-01-2020 10:53 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-02-2020 12:53 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-03-2020 12:12 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-03-2020 01:51 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-04-2020 08:27 AM | [USPS] - DEPART USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-04-2020 10:55 AM | [USPS] - NO ACCESS at LOVELAND,CO |
| USPS® Certified Mail | 04-06-2020 11:13 AM | [USPS] - CERTIFIED MAIL DELIVERED LEFT WITH INDIVIDUAL at LOVELAND,CO |



s document was retrieved from the IDOCKET.COM web si



# U.S. Postal Service®
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9314 7699 0430 0070 3858 15

| | |
|---|---|
| Certified Mail Fee | $ |
| Return Receipt (Hardcopy) | $ |
| Return Receipt (Electronic) | $ |
| Certified Mail Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

CROCKETT TEXAS
APR 1 2020
Postmark Here
USPS 75834-9998

**Sent to:**

Nutrien Ag Solutions, Inc.
5296 Lake Harvest Drive
Loveland, CO 80538

USPS TRACKING #

9590 9699 0430 0070 3858 15

Michael and C

PS Form 3800, Facsimile July 2015

s document was retrieved from the PACER.com web si

## Transaction Details

**Recipient:**
Nutrien Ag Solutions, Inc.
5296 Lake Harvest Drive
Loveland, CO 80538

**Sender:**
William R. Pemberton, P.C.
P.O. Box 1112
Crockett, TX 75835

**Transaction created by:** sandrahaynes
**User ID:** 23621
**Firm Mailing Book ID:** None
**Batch ID:**

**USPS Article Number:** 9314769904300070385813
**Return Receipt Article Number:** 9590969904300070385815

**Service Options:** Return Receipt
Certified Mail
**Mail Service:** Certified
**Reference #:**
**Postage:** $0.00
**Fees:** $6.40
**Status:** Delivered
**Sender:** W Pemberton



## Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Return Receipt | 03-30-2020 02:10 PM | [USPS] - RETURN RECEIPT ASSOCIATED at CROCKETT,TX |
| USPS® Certified Mail | 03-30-2020 05:11 PM | [USPS] - PRESHIPMENT INFO SENT USPS AWAITS ITEM at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 09:38 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Return Receipt | 04-01-2020 09:38 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 10:53 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Return Receipt | 04-01-2020 10:53 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-01-2020 11:24 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-03-2020 09:53 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-03-2020 01:52 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER.CO |
| USPS® Certified Mail | 04-04-2020 08:27 AM | [USPS] - DEPART USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-04-2020 10:55 AM | [USPS] - NO ACCESS at LOVELAND,CO |
| USPS® Certified Mail | 04-06-2020 11:07 AM | [USPS] - CERTIFIED MAIL DELIVERED LEFT WITH INDIVIDUAL at LOVELAND,CO |

s document was retrieved from the IDOCKET.COM web si

# U.S. Postal Service®
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*



**USPS® ARTICLE NUMBER**

9314 7699 0430 0070 3858 82

| | |
|---|---|
| Certified Mail Fee | $ |
| Return Receipt (Hardcopy) | $ |
| Return Receipt (Electronic) | $ |
| Certified Mail Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

Sent to:

Nutrien Ag Solutions, Inc.
7251 West 4th St.
Greeley, CO 80634-9?

Michael and Charles.

USPS TRACKING #

9590 9699 0430 0070 3858 84

APR 1 - 2020

USPS 75835-9998

Postmark
H...

s document was retrieved from the USPS.COM web si

## Transaction Details

Recipient:
Nutrien Ag Solutions, Inc.
7251 West 4th St
Greeley, CO 80634-9763

Sender:
William R. Pemberton, P.C.
P.O. Box 1112
Crockett, TX 75835

Transaction created by: sandrahaynes
User ID: 23621
Firm Mailing Book ID: None
Batch ID:

USPS Article Number:         9314769904300070385882
Return Receipt Article Number:  9590969904300070385884

Service Options:        Return Receipt
                        Certified Mail
Mail Service:           Certified
Reference #:
Postage:                $0.00
Fees:                   $6.40
Status:                 Delivered
Sender:                 W Pemberton

---

## Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Return Receipt | 03-30-2020 02:10 PM | [USPS] - RETURN RECEIPT ASSOCIATED at CROCKETT,TX |
| USPS® Certified Mail | 03-30-2020 05:11 PM | [USPS] - PRESHIPMENT INFO SENT USPS AWAITS ITEM at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 09:21 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Return Receipt | 04-01-2020 09:21 PM | [USPS] - ORIGIN ACCEPTANCE at CROCKETT,TX |
| USPS® Certified Mail | 04-01-2020 10:36 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Return Receipt | 04-01-2020 10:36 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-01-2020 11:28 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-03-2020 11:17 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-03-2020 09:46 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-04-2020 08:27 AM | [USPS] - DEPART USPS FACILITY at DENVER,CO |
| USPS® Certified Mail | 04-04-2020 08:44 AM | [USPS] - ARRIVAL AT UNIT at GREELEY,CO |
| USPS® Certified Mail | 04-04-2020 08:55 AM | [USPS] - OUT FOR DELIVERY at GREELEY,CO |
| USPS® Certified Mail | 04-04-2020 11:52 AM | [USPS] - FORWARD EXPIRED at GREELEY,CO |
| USPS® Certified Mail | 04-09-2020 11:01 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COLORADO SPRINGS,CO |
| USPS® Certified Mail | 04-12-2020 08:59 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-12-2020 01:02 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-12-2020 06:46 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at COPPELL,TX |
| USPS® Certified Mail | 04-13-2020 08:17 AM | [USPS] - ARRIVAL AT UNIT at CROCKETT,TX |
| USPS® Certified Mail | 04-13-2020 08:17 AM | [USPS] - AVAILABLE FOR PICKUP at CROCKETT,TX |
| USPS® Certified Mail | 04-13-2020 11:08 AM | [USPS] - CERTIFIED MAIL DELIVERED at CROCKETT,TX |

s document was retrieved from the IDOCKET.COM web si